State, ex rel. Davis, v. Farmers & Merchants Bank.

---

STATE, EX REL. CEARANCE A. DAVIS, ATTORNEY GENERAL, V. FARMERS & MERCHANTS BANK OF WALTON: FRED OSSENKOP, CLAIMANT, APPELLEE: J. E. WHITNEY, RECEIVER, APPELLANT.

FILED DECEMBER 8, 1925. No. 23498.

APPEAL from the district court for Lancaster county:

State, ex rel. Davis, v. Farmers & Merchants Bank.

WILLIAM M. MORNING, JUDGE.  *Affirmed as modified.*

*Richard F. Stout* and *C. M. Skiles,* for appellant.

*Frampton & Polk, contra.*

Heard before MORRISSEY, C. J., DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

PER CURIAM.

The receiver of the Farmers & Merchants Bank of Walton, insolvent, has appealed from the judgment of the district court, allowing the preferred claim of one Ossenkop, and directing its payment from the depositors' guaranty fund.

The undisputed facts are that Ossenkop deposited $3,015 in the bank; that, without his authority, the cashier of the bank drew checks against Ossenkop's account and appropriated the money for the use of the bank.  Ossenkop discovered that his money had been misappropriated, asked to have the wrong righted, and expressed a wish to have the deposit converted into a time deposit drawing interest. The cashier told him that the bank would pay interest upon the deposit, but no rate was agreed upon; nor does the record disclose when the cashier made the statement that the bank would pay interest.

The receiver insists that, since Ossenkop was advised, long prior to the bank's failure, that his money had been misappropriated, he had ratified the wrongful act by not bringing an action against the bank to recover the amount of the deposit, and is now estopped from claiming the protection of the depositors' guaranty fund.

To this view we cannot assent.  Ossenkop did not consent to the wrongful act.  He complained of it from time to time.  His relation to the bank as a depositor was never changed.  The bank was liable to him as a depositor, and upon its failure the depositors' guaranty fund was liable for the payment of the claim.

The district court allowed Ossenkop interest from the date the money was wrongfully withdrawn from his ac-

count by the bank's cashier. We think this was error. The deposit never was changed to a time certificate, or to an interest-bearing deposit. The record does not disclose the date when the cashier said the bank would pay interest on the deposit; nor was any rate agreed upon. In this state of the record, the deposit would not draw interest except from the date of the allowance of the claim by the district court.

The judgment of the district court is therefore modified, so as to allow Ossenkop's claim for $3,015, payable out of the depositors' guaranty fund, with interest thereon at 7 per cent. from the 10th day of May, 1923, the date of the allowance of the claim by the district court. As modified, the judgment is affirmed.

AFFIRMED AS MODIFIED.